IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FEEONQUAY JENKINS,

    Plaintiff,

v.                                        Case No. 2024CV00043

JARRON BANKHEAD, et al.,

    Defendants.

## DEFENDANTS' EXPERT DISCLOSURES

Defendants, by and through undersigned counsel, hereby make the following disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, regarding witnesses who may be called in the trial of this matter to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendants reserve the right to supplement these disclosures. Fed. R. Civ. P. 26(a)(2)(E):

**Retained Experts:**

    None.

**Non-Retained Experts:**

1. **Robert Rymarkiewicz** is currently employed by the State of Wisconsin Department of Corrections (Corrections) as the Security Director at Columbia Correctional Institution (Columbia). He is not a defendant in this lawsuit. He is not retained or specifically employed to provide expert testimony, and his duties do not regularly involve giving expert testimony. Mr. Rymarkiewicz may

provide testimony regarding policies and procedures related to safety and security at Columbia, as well as the general operation of the institution, including use of force. Mr. Rymarkiewicz may be contacted through undersigned counsel.

2. **Jessica Harris** is currently employed by Corrections as a Psychological Services Unit Supervisor at Columbia. She is not a defendant in this lawsuit. She is not retained or specifically employed to provide expert testimony, and her duties do not regularly involve giving expert testimony. Dr. Harris may testify about the care and treatment provided to Plaintiff during the relevant time period, as well as the applicable policies for Psychological Services Unit professionals working at Columbia. She may also testify regarding that which is contained in Plaintiff's psychological service files, including all psychological service records and notes contained therein. Dr. Harris may be contacted through undersigned counsel.

3. **Dylan Hoffstatter** is employed by Corrections as a Captain at Columbia. He is a defendant in this lawsuit. He is not retained or specifically employed to provide expert testimony, and his duties do not regularly involve giving expert testimony. Mr. Hoffstatter may provide testimony regarding policies and procedures related to safety and security at Columbia, as well as the general operation of the institution, including staff-assisted strip searches. Mr. Hoffstatter may be contacted through undersigned counsel.

4. **Eric Peters** is employed by Corrections as a Correctional Officer at Columbia. He is a defendant in this lawsuit. He is not retained or specifically employed to provide expert testimony, and his duties do not regularly involve giving expert testimony. Mr. Peters may provide testimony regarding policies and procedures related to safety and security at Columbia, as well as the general operation of the institution, including staff-assisted strip searches. Mr. Peters may be contacted through undersigned counsel.

5. **Ethan Marczewski** was employed by Corrections as a Lieutenant at Columbia. He is a defendant in this lawsuit. He is not retained or specifically employed to provide expert testimony, and his duties did not regularly involve giving expert testimony. Mr. Marczewski may provide testimony regarding policies and procedures related to safety and security at Columbia, as well as the general operation of the institution, including staff-assisted strip searches. Mr. Marczewski may be contacted through undersigned counsel.

6. **Jarron Bankhead** was employed by Corrections as a Correctional Officer at Columbia. He is a defendant in this lawsuit. He is not retained or specifically employed to provide expert testimony, and his duties did not regularly involve giving expert testimony. Mr. Bankhead may provide testimony regarding policies and procedures related to safety and security at Columbia, as well as the general operation of the institution, including staff-assisted strip searches. Mr. Bankhead may be contacted through undersigned counsel.

7. **Joseph Kraus** was employed by Corrections as a Sergeant at Columbia. He is a defendant in this lawsuit. He is not retained or specifically employed to provide expert testimony, and his duties did not regularly involve giving expert testimony. Mr. Kraus may provide testimony regarding policies and procedures related to safety and security at Columbia, as well as the general operation of the institution, including staff-assisted strip searches. Mr. Kraus may be contacted through undersigned counsel.

8. **Lukas Robertson** is employed by Corrections as a Captain at New Lisbon Correctional Institution. At times relevant to this complaint, Mr. Robertson was employed by Corrections as a Sergeant and Lieutenant at Columbia. He is a defendant in this lawsuit. He is not retained or specifically employed to provide expert testimony, and his duties do not regularly involve giving expert testimony. Mr. Robertson may provide testimony regarding policies and procedures related to safety and security at Columbia, as well as the general operation of the institution, including staff-assisted strip searches. Mr. Robertson may be contacted through undersigned counsel.

9. **Michael Dotson** was employed by Corrections as a Sergeant at Columbia. He is a defendant in this lawsuit. He is not retained or specifically employed to provide expert testimony, and his duties did not regularly involve giving expert testimony. Mr. Dotson may provide testimony regarding policies and procedures related to safety and security at Columbia, as well as the general

4

operation of the institution, including staff-assisted strip searches. Mr. Dotson may be contacted through undersigned counsel.

10. **Timothy Houg** is employed by Corrections as a Correctional Officer at Columbia. He is a defendant in this lawsuit. He is not retained or specifically employed to provide expert testimony, and his duties did not regularly involve giving expert testimony. Mr. Houg may provide testimony regarding policies and procedures related to safety and security at Columbia, as well as the general operation of the institution, including staff-assisted strip searches. Mr. Houg may be contacted through undersigned counsel.

11. Any person identified as a health care provider that provided health care services to the Plaintiff, both within the Department of Corrections and off-site health care providers. It is expected that any such witness will testify in accordance with the medical records they have generated during the Plaintiff's care and treatment.

12. Any medical services personnel identified in Plaintiff's health services file. It is expected that any such witness will testify in accordance with the medical records they have generated during their care and treatment of the Plaintiff.

13. Any opinion pursuant to Fed. R. Civ. 26(a)(2)(B) will be disclosed upon filing of summary judgment pleadings. The Defendants intends to file for summary judgment. At that time, the Defendants' opinions and reports will be contained in their declarations in support of summary judgment. This expert disclosure

incorporates by reference those declarations and the herein expert disclosures will be amended to reference those summary judgment declarations.

**Rebuttal Experts:**

To the extent that Plaintiff produces at trial the testimony or written opinions of any experts, Defendants reserve the right to call any personnel listed in Plaintiff's records as additional experts in rebuttal. Defendants reserve the right to timely name additional rebuttal experts as may be warranted by the on-going discovery in this action. Defendants further reserve the right to call additional rebuttal witnesses as may be allowed per the Court's discretion based upon testimony at trial in this matter.

Dated: December 18, 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Emmeline Lee
EMMELINE LEE
Assistant Attorney General
State Bar #1097677

BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

Attorneys for State Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1178 (Lee)
(608) 266-1780 (Flugaur)

(608) 294-2907 (Fax)
Emmeline.Lee@wisdoj.gov
Brandon.Flugaur@wisdoj.gov