IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FEEONQUAY JENKINS,

Plaintiff,                                    OPINION AND ORDER

v.                                                          24-cv-43-wmc

ELIZABETH DOE #1,
CPT. ERIC H. PETERS,
LT. ETHAN D. MARCZEWSKI,
LT. DYLAN HOFFSTATTER,
SGT. LUKAS ROBERTSON,
SGT. JOSEPH KRAUS,
MICHAEL DOTSON,
JARRON V. BANKHEAD,
JOHN DOE #2, and
TIMOTHY HOUG,[1]

Defendants,

Plaintiff Feeonquay Jenkins, a former state inmate and current federal prisoner representing himself, has been granted leave to proceed against named defendants on Fourth and Eighth Amendment claims. (Dkt. #10.) Specifically, plaintiff's claims are against: (1) defendants Hoffstatter, Robertson, Dotson, Marczewski, Kraus, Bankhead, and John Doe #2 for allegedly invasive strip-searches conducted on May 3 and May 8, 2023; (2) defendant Peters for allegedly directing staff to conduct invasive strip-searches to pressure Jenkins into providing information about another inmate; (3) defendant Marczewski for allegedly threatening on May 10, 2023, to do future harm; and defendants Houg and Eliabeth Doe #1 for failure to intervene in the alleged threats by defendant Marczewski. Defendants have moved for partial summary judgment on exhaustion

---

[1] The court has corrected the spelling of defendants' names based on the spelling used in defendants' motion for partial summary judgment.

grounds as to plaintiff's latter two claims for failure to file timely grievances for his claims for failing to file timely grievances for his claims arising out of alleged events on May 10, 2023. (Dkt. #21.) In response, plaintiff filed a motion to quash (dkt. #27), which the court will treat as his opposition. For the following reasons, both defendants' motion for partial summary judgment and plaintiff's motion to quash must be denied.

BACKGROUND

At all times relevant to the complaint, plaintiff Feeonquay Jenkins was incarcerated by the Wisconsin Department of Corrections ("DOC") at Columbia Correctional Institution. On October 16, 2023, an Inmate Complaint Examiner ("ICE") received Jenkins' complaint, CCI-2023-15584. In this complaint, he alleged that defendant Ethan D. Marczewski threatened ongoing sexual abuse to coerce him into signing a false, confidential informant ("CI") form to implicate another prisoner in wrongdoing. Specifically, on May 10, 2023, Jenkins alleged further that defendants Houg and Elizabeth Doe #1 were present but failed to intervene. Before filing CCI-2023-15584, Jenkins had filed other inmate complaints, which alleged that staff conducted unnecessary, staff-assisted strip searches in a sexually abusive manner. In those complaints, Jenkins alleged that Lieutenant Marczewski and other Columbia staff touched his genitals and pressed their fingers into his anal cavity on May 3 and 8, 2023, for no justifiable reason.

The ICE rejected CCI-2023-15584 as untimely. Jenkins appealed this decision, which was received by the Reviewing Authority on October 20, 2023. However, the

Reviewing Authority affirmed ICE's rejection on the basis of untimeliness.[2]

OPINION

Defendants contend that plaintiff's Eighth Amendment claims against defendant Marczewski for threats of future harm allegedly made on May 10, 2023, and against defendants Houg and Eliabeth Doe #1 for failure to intervene promptly when Marczewski made those threats are all barred by the Prisoner Litigation Reform Act ("PLRA"), having failed to exhaust his administrative remedies as required. In particular, the PLRA bars a prisoner from bringing a civil lawsuit concerning prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy this mandate, a prisoner must follow all of the prison's rules for completing its grievance process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including: (1) following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); *and* (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The exhaustion requirement is designed to afford prison administrators an opportunity to investigate and resolve grievances before litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Thus, a prisoner is required to provide notice of his claim by specifying "the nature of the wrong for which redress is sought . . . [to give] prison officials a fair opportunity to address his complaint." *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (internal quotations and citations omitted). And exhaustion is required "even if . . .

---

[2] When an inmate appeals a rejected complaint, the Reviewing Authority's decision is final. Wis. Admin. Code § DOC 310.12(10).

the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

To exhaust administrative remedies, a Wisconsin prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310, which begins with filing a complaint with the ICE within 14 days after the incident giving rise to the grievance. Wis. Admin. Code § DOC 310.07(2). However, there are exceptions to this 14-day rule. Specifically, Wis. Admin. Code § DOC 310.08(1) allows an inmate to file a complaint regarding sexual abuse or sexual harassment at any time, unless a portion of the complaint alleges an issue that does not relate to sexual abuse or harassment.

After receiving the complaint, the ICE must either accept, return, or reject it. Wis. Admin. Code § DOC 310.10(2). An inmate complaint may be rejected for several reasons, including that it was filed "beyond 14 days after the date of the occurrence giving rise to the complaint and provides no good cause for the ICE to extend the time limits." Wis. Admin. Code § DOC 310.10(6)(e). If the complaint is rejected, the inmate may appeal to the Reviewing Authority within 10 days. Wis. Admin. Code § DOC 310.12(10). The Reviewing Authority's decision on rejection is final. *Id.*

The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole*, 438 F.3d at 809, meaning that if a prisoner failed to complete any step in the exhaustion process before bringing his lawsuit, the court must dismiss his claims. *Perez v. Wis. Dep't of Corrs.*,

4

182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809). Even so, a prisoner's failure to exhaust is an affirmative defense, which defendants must raise and prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). At summary judgment, therefore, *defendants* must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, entitling them to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## I.  Threats of Future Harm

Here, it appears that plaintiff timely exhausted his administrative remedies regarding his claim that defendant Marczewski threatened further sexual abuse because CCI-2023-15584 is subject to the exception identified in Wis. Admin. Code § DOC 310.08(1), allowing it to be filed at any time. Specifically, to be exempt from the 14-day limit under Wis. Admin. Code § DOC 310.08(1), the complaint must exclusively allege sexual abuse or sexual harassment. The DOC's definition of sexual abuse includes the penetration of the anal opening where the staff has the intent to abuse the inmate *and* any *threats* by staff to do the same. Wis. Admin. Code § DOC 310.03(17).[3]

Here, plaintiff's CCI-2023-15584 complaint only alleges issues related to sexual abuse or threats of sexual abuse in the future. Specifically, in the section dedicated to

---

[3] For its definition on sexual abuse, Wis. Admin. Code § DOC 310.03(17) wholly relies on definitions related to sexual abuse that are found in implementing regulations and standards for the Prison Rape Elimination Act, 28 C.F.R. § 115.6.

identifying an inmate's issue, CCI-2023-15584 states that on May 10, 2023, "Lt. Marcheski and [another DOC] Official used threats of ongoing sexual abuse to coerce me into giving false [CI] testimony against another incarcerated person," plainly identifying threats of sexual abuse.  The only other information contained in the complaint concerns who was present when these threats were made and why defendant Marczewski made them, all related to the alleged ongoing pattern of sexual abuse.  Accordingly, it appears that CCI-2023-15584 was solely related to sexual abuse and timely under Wis. Admin. Code § DOC 310.08(1).

Defendants argue that because the court has allowed plaintiff to proceed on claims for alleged threats of future harm, his claims are separate from sexual abuse and harassment and the court should apply DOC 310.07(2)'s 14-day limit to file a grievance to any such threats.  (Dkt. #22, at 12.)  However, when a grievance must be filed is determined by its content.  *E.g.,* Wis. Admin. Code § DOC 310.08(1).  Here, plaintiff's grievance alleges threats of sexual abuse, allowing it to be filed at anytime under § DOC 310.08(1) and neither defendants, nor the ICE or Reviewing Authority, have provided any persuasive explanation as to plaintiff's allegations of Marczewski's threatened, ongoing sexual abuse (or as discussed below, defendants Hong's and Doe's alleged failures to intervene to disavow them) somehow fall outside the definition of sexual abuse in Wis. Admin. Code § DOC 310.03(17).

Defendants' reliance on *Dotson v. Faulkner*, No. 20-CV-1767, 2022 WL 1810698, at \*1 (E.D. Wis. June 2, 2022), is unpersuasive.  In *Dotson*, the plaintiff claimed she had been sexually assaulted and, among other claims, alleged that:  (1) her Eighth Amendment

rights were violated when defendants were deliberately indifferent to her need for psychological services following the assault; and (2) her First Amendment rights were violated when defendants transferred her in retaliation for reporting the assaults and to prevent her from pursuing criminal charges. *Id.* at *1. The district court in *Dotson* held that the plaintiff's belated claims' untimeliness could not be saved from the defendants' exhaustion defense under the umbrella of the Prison Rape Elimination Act, since her claims constituted separate constitutional violations from her underlying sexual assault claim and were required to be brought within the 14-day window under the ICRS. *Id.* at *5. However, unlike the claims in *Dotson,* the claims brought against defendant Marczewski *are* for sexual abuse directly under the PREA definition, and thus, fall under its statutory exception to the 14-day limit for inmate complaints. Accordingly, the court concludes that CCI-2023-15584 was timely filed and that plaintiff exhausted his administrative remedies on this claim.

## II. Failure To Intervene

For similar reasons, the court concludes that plaintiff exhausted his administrative remedies regarding his related claims against defendants Houg and Doe #1 for failing to intervene to prevent alleged threats of sexual abuse by defendant Marczewski on May 10, 2023. As discussed above, CCI-2023-15584 alleges that defendants Houg and Doe #1 were present and facilitated by their silence the sexual abuse plaintiff suffered despite an arguable duty under PREA and the Eighth Amendment to speak up. Defendants raise the

same, equally unpersuasive arguments regarding timeliness for these claims.[4]  Accordingly,

the court concludes that CCI-2023-15584 was timely filed and that plaintiff exhausted his

administrative remedies on his claims against defendants Houg and Eliabeth Doe #1.

ORDER

IT IS ORDERED that:

1)  Defendants' motion for partial summary judgment (dkt. #22) is DENIED.

2)  Plaintiff Feeonquay Jenkins's motion to quash (dkt. #27) is DENIED as moot.

3)  The Clerk of Court is directed to amend the caption of this case consistent with this order and set a new scheduling conference for the parties with Magistrate Judge Boor.

Entered this 19th day of March, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

---

[4] Unlike *Dotson*, plaintiff's claims against Houg and Doe #1 are for their failure to intervene in defendant's alleged sexual assault *not* how their response to his request for medical care or his act of filing a grievance against them. 2022 WL 1810698, at *5-6